O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASMIK MINASYAN, an individual,<br><br>        Plaintiff,<br>    v.<br><br>CREDITORS FINANCIAL GROUP, LLC, a Colorado Limited Liability Company; ARS NATIONAL SERVICES, INC, a California Corporation; NATIONWIDE CREDIT, INC, a Georgia Corporation; THE MOORE LAW GROUP, a California Company; RGS FINANCIAL, INC, a Texas Corporation; NORTHLAND GROUP, INC., a Minnesota Corporation; ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas Corporation; CLIENT SERVICES, INC., a Missouri Corporation; CITI COMMERCE SOLUTIONS, INC., a Maryland Corporation; ALLEN L ADKINS & ASSOCIATES, PC, a Texas Professional Corporation; J.C. CHRISTENSEN & ASSOCIATES, INC., a Minnesota Corporation; CACI, INC., a Missouri Corporation; IC SYSTEM, INC., a Minnesota Corporation; HUNT & HENRIQUES, a California Company; and WESTERN SIERRA ACCEPTANCE CORPORATION, a Nevada Corporation,<br><br>        Defendants. | Case No. 2:12-cv-01864-ODW(MANx)<br><br>**ORDER GRANTING DEFENDANT HUNT & HENRIQUES'S AND ALLEN L ADKINS & ASSOCIATES PC'S MOTIONS TO DISMISS [29, 36]** |

Before the Court are Defendants Hunt and Henriques's ("Hunt") and Allen L. Adkins & Associates, P.C.'s ("Adkins") concurrently filed Motions to Dismiss Plaintiff's Complaint. (ECF Nos. 29, 36.) Because Plaintiff has failed to timely oppose either Motion, and for the reasons discussed in Defendants' papers, the Court **GRANTS** Defendants' Motions to Dismiss.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12.

The hearing on Hunt's Motion was originally set for July 2, 2012. Plaintiff's opposition to this Motion was therefore due by June 11, 2012. On June 1, 2012, the Court continued the hearing date on this Motion from July 2, 2012, to July 9, 2012; however, the Court explicitly noted that the briefing schedule "shall remain unchanged. Plaintiff's Opposition therefore remains due no later than June 11, 2012, and Defendant's Reply is due no later than June 18, 2012." (ECF No. 30.) Despite such explicit instructions, Plaintiff did not file her Opposition to Hunt's Motion until June 13, 2012. (ECF No. 40.)

The hearing on Adkins's Motion was set for July 9, 2012. Plaintiff's opposition to this Motion was therefore due by June 18, 2012. As of the date of this Order, Plaintiff has not filed any opposition to Adkins's Motion, nor any other filing that could be construed as a request for a continuance.

Plaintiff's failure to timely oppose Hunt's Motion and failure to oppose Adkins's Motion at all may therefore be deemed consent to the granting of both motions. Nevertheless, the Court has carefully considered Defendant's arguments in support and, for the reasons discussed in Defendant's papers, hereby **GRANTS** both Motions. For the reasons discussed below, Plaintiff's second claim for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and fourth claim for

violation of the California Consumer Credit Reporting Agencies Act ("CCRAA") are **DISMISSED WITH PREJUDICE**. The July 9, 2012 hearing on these matters is **VACATED**, and no appearances are necessary. Plaintiff may file an amended complaint within **14 days** of the date of this Order. If Plaintiff fails to file an amended complaint within 14 days, the Court will dismiss all claims against Hunt and Adkins with prejudice.

The RFDCPA provides that, with limited exceptions, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of" the federal Fair Debt Collection Practices Act. Cal. Civ. Code § 1788.17. The RFDCPA specifically incorporates certain provisions of the FDCPA, including 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id*. Therefore, "[l]ike the FDCPA, the RFDCPA applies only to debt collectors" collecting debts." *See Izenberg v. ETS Servs., LLC.*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008).

A "debt collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). Section 1788.2(c) expressly excludes "an attorney or counselor at law"; thus, "[a] creditor's counsel retained for the purpose of collecting a debt is not a 'debt collector' within the meaning of the Rosenthal Act." *Owings v. Hunt & Henriques*, No. 08cv1931-L(NLS), 2010 WL 3489342, at *3 (S.D. Cal. Sept. 3, 2010) (citing *Carney v. Rotkin, Schmerin & McIntyre,* 206 Cal. App. 3d 1513, 1518, 1526 (1988)) (rejecting the contention that section 1788.2(c) exempts attorneys but not law firms and holding that "Hunt cannot be held liable under the Rosenthal Act").

Both Hunt and Adkins are law firms. Thus, both are expressly exempted from RFDCPA liability. Because any attempt to amend would therefore be futile,

Plaintiff's second claim for violation of the FDCPA is hereby **DISMISSED WITH PREJUDICE** against Hunt and Adkins.

In addition, California Civil Code section 1785.11, the section under which Plaintiff asserts her fourth claim for violation of the CCRAA, applies on its face only to the *furnishing of* a consumer credit report *by a consumer credit reporting agency*. The conduct Plaintiff alleges violated section 1785.11 is Hunt's and Adkins's "[o]btaining and reviewing Plaintiff's credit report *from* [credit reporting agencies] without having a permissible purpose required under California Civil Code §1785.11." Compl. 14:26–27 (emphasis added). These allegations can in no way state a claim under section 1785.11, as neither Hunt nor Adkins are credit reporting agencies. In addition, Plaintiff concedes that Hunt and Adkins obtained a credit report *from* credit reporting agencies, not that they furnished a credit report *as* credit reporting agencies. Plaintiff's fourth claim is therefore **DISMISSED WITH PREJUDICE** against Hunt and Adkins.

Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for the reasons discussed in Defendants' Motions. If Plaintiff does choose to amend, she must address *all* of those pleading deficiencies identified in Defendants' Motions by pleading—in good faith and in compliance with Federal Rule of Civil Procedure 11— additional *facts* supporting Plaintiff's claims. If Plaintiff cannot allege new facts in good faith to support one or more of her claims, Rule 11 dictates that Plaintiff *must*

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

discard such claims. Plaintiff is warned that a failure to comply with Rule 11 *will* result in sanctions under Rule 11(b).

**IT IS SO ORDERED.**

June 19, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**