1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  CHRISTOPHER SPAIN (SBN 265465)
   cspain@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625


6
   Attorneys for defendants
7  Allen L. Adkins & Associates, P.C.
   and Hunt & Henriques
8

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  HASMIK MINASYAN,                )  CASE NO.: 12-CV-01864-ODW-FMO
                                    )
13                 Plaintiff,       )  **DEFENDANTS ALLEN L.**
                                    )  **ADKINS & ASSOCIATES, PC**
14                                  )  **AND HUNT & HENRIQUES'S**
                                    )  **NOTICE OF MOTION AND**
15        vs.                       )  **MOTION TO DISMISS FIRST**
                                    )  **AMENDED COMPLAINT;**
16                                  )  **MEMORANDUM OF POINTS**
                                    )  **AND AUTHORITIES IN**
17  ALLEN L. ADKINS &               )  **SUPPORT OF MOTION**
    ASSOCIATES, PC, a Texas         )
18  Professional Corporation        )  Date: September 24, 2012
    HUNT & HENRIQUES, a California   )  Time: 1:30 p.m.
19  Company,                        )  Courtroom: 11
                                    )
20                                  )  The Honorable Otis D. Wright, II
                                    )
21                 Defendants.      )
    _____ )

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on Monday, September 24, 2012 at 1:30 p.m. in courtroom 11 of the above Court, located at 312 N. Spring Street, Los Angeles, California 90012, the Honorable Otis D. Wright, II presiding, defendants Allen L. Adkins & Associates, P.C. and Hunt & Henriques ("Defendants") will and hereby do move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against it in the first amended complaint.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by letter on August 13, 2012 after counsel for Defendants was unable to contact Plaintiff's Counsel by telephone.  A copy of the August 13, 2012 letter is attached hereto as "**Exhibit A.**"  This motion is made on the grounds that the first amended complaint fails to state facts sufficient to constitute a cause of action against Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; or for defamation, libel, or invasion of privacy.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

DATED: August 20, 2012                    SIMMONDS & NARITA LLP
                                          JEFFREY A. TOPOR
                                          CHRISTOPHER SPAIN


                                          By:  /s/Christopher Spain
                                               Christopher Spain
                                               Attorneys for defendants
                                               Allen L. Adkins & Associates, P.C.
                                               and Hunt & Henriques

1

# TABLE OF CONTENTS

2

I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.    ALLEGATIONS OF THE FIRST AMENDED COMPLAINT. . . . . . . . . . .   2

III.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

     A.     Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

     B.     Minasyan Has Failed To Plead The Essential Elements Of An
           FDCPA Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

     C.     Minasyan Has Failed To Plead Facts Sufficient To State A
           Claim Under The FDPCA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

     D.     Minasyan Has Again Pled Herself Out Of Her FCRA Claim . . . . . . .   9

     E.     Minasyan's Common-Law Claims Fail Because She Admits
           That Defendants Did Not Publish Any Information
           About Her. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aquino v. Capital One Fin. Corp.*,
2008 WL 1734752 (N.D. Cal. Apr. 14, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Baker v. Trans Union LLC*,
2010 WL 2104622 (D. Ariz. May 25, 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Becker v. Genesis Fin. Servs.*,
2007 WL 4190473 (E.D. Wa. Nov. 21, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Blair v. Bank of Am., N.A.*,
2012 WL 860411 (D. Or. Mar. 13, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Breese v. TRIADvantage Credit Servs., Inc.*,
393 F. Supp. 2d 819 (D. Minn. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Conley v. Gibson*,
355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dokumaci v. MAF Collection Servs.*,
2010 WL 2560024 (M.D. Fla. June 17, 2010) . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*Gamble v. Citifinancial and Landers*,
2002 WL 31643028 (D. Conn. Nov. 19, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gorman v. Wolpoff & Abramson, LLP*,
584 F.3d 1147 (9th Cir. 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Great Seneca Fin. Corp. v. Fisher*,
2005 WL 1875664 (D. Kan. Aug. 8, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Hinkle v. CBE Grp.*,
2012 WL 681468 (S.D. Ga. Feb. 3, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hyde v. RDA, Inc.*,
389 F. Supp. 2d 658 (D. Md. 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Johnson v. Riverside Healthcare Sys., L.P.*,
534 F.3d 1116 (9th Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*McNall v. Credit Bureau of Josephine County*,
689 F. Supp. 2d 1265 (D. Or. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Miller v. Rubin & Rothman, LLC*,
2011 WL 4359977 (D. Minn. Sept. 19, 2011). . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Moss v. United States Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Murray v. Sunrise Chevrolet, Inc.*,
441 F. Supp. 2d 940 (N.D. Ill. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Myers v. Stoneleigh Recovery Assocs.*,
2012 WL 1356752 (E.D. Cal. Apr. 18, 2012) . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Pretlow v. AFNI, Inc.*,
2008 WL 345593 (W.D. Va. Feb. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Riley v. Equifax Credit Info. Servs., Inc.*,
194 F. Supp. 2d 1239 (S.D. Ala. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rodriguez v. Cavalry Portfolio Servs., LLC*,
2012 WL 726474 (S.D. Cal. Mar. 6, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Stejic v. Aurora Loan Servs., LLC*,
2009 WL 4730734 (D. Ariz. Dec. 1, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stergiopoulos v. First Midwest Bancorp., Inc.*,
2004 WL 5550488 (N.D. Ill. June 23, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Thomas v. U.S. Bank, N.A.*,
2007 WL 764312 (D. Or. Mar. 8, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Washington v. South Shore Bank*,
2004 WL 2038425 (N.D. Ill. Aug. 27, 2004) . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Wilson v. Sessoms*,
1998 WL 35305548 (M.D.N.C. Mar. 16, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 12

**STATE CASES**

*Hecimovich v. Encinal Sch. Parent Teacher Org.*,
203 Cal. App. 450 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Price v. Operating Eng'rs Local Union No. 3*,
195 Cal. App. 4th 962 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**FEDERAL STATUTES**

Fair Credit Reporting Act ("FCRA"),
    15 U.S.C. §§ 1681, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    15 U.S.C. § 1681(a), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    15 U.S.C. § 1681a(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    15 U.S.C. § 1681(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15 U.S.C. 1682b(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
15 U.S.C. § 1681b(a)(3)(A-F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
15 U.S.C. § 1681b(a)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12
15 U.S.C. § 1681b(f)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fair Debt Collection Practices Act,
    15 U.S.C. § 1692 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    15 U.S.C. § 1692a(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    15 U.S.C. § 1692a(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    15 U.S.C. § 1692d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    15 U.S.C. § 1692e(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    15 U.S.C. § 1692e(8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    15 U.S.C. § 1692e(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8
    15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9
    15 U.S.C. § 1692g. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8
    15 U.S.C. § 1692g(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9
    15 U.S.C. § 1692g(a)(3, 4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rules of Civil Procedure,
    Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 15


**STATE STATUTES**


California Civil Code,
    Cal. Civ. Code § 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14


Rosenthal Fair Debt Collection Practices Act,
    Cal. Civ. Code § 1788 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    Cal. Civ. Code § 1788.2(e, f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


**OTHER AUTHORITIES**


16 C.F.R. Pt. 600, App (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts,
    § 529, p. 782 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Rest.2d Torts, § 652E. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## MEMORANDUM OF POINTS AND AUTHORITIES

> **If Plaintiff does choose to amend, she must address *all* of those pleading deficiencies identified in Defendants' Motions by pleading - in good faith and in compliance with the Federal Rule of Civil Procedure 11 - additional *facts* supporting Plaintiff's claims.  If Plaintiff cannot allege new facts in good faith to support one or more of her claims, Rule 11 dictates that Plaintiff *must* discard such claims.**

The Honorable Otis D. Wright, II, Doc. No. 44 (emphases in original)**.**

## I.    INTRODUCTION

Even after this Court instructed Plaintiff to address *all* of the pleading deficiencies identified in Defendants' first motion to dismiss, Plaintiff filed a first amended complaint ("FAC") that alleges four of the six claims pled in a near identical manner as the original complaint and that fails to include any additional *facts* that support her claims.  Given this Court's clear instructions regarding Plaintiff's prior pleading deficiencies and Plaintiff's failure to comply, the Court should dismiss Plaintiff's remaining claims with prejudice.

Minasyan's FAC contains the same allegations as her original complaint – that Defendants "pulled and reviewed" her credit report without her knowledge or permission, and then ignored her request to explain why it did so.  Again, Minasyan knows perfectly well why Defendants would have pulled her credit report: as she alleges in her complaint, it would have done so because it was trying to collect a debt from her.[1]  This allegation continues to be fatal to Minasyan's claims.

---

[1]  To the extent that either Defendant accessed Plaintiff's credit report, they would have only performed a "soft pull," meaning they simply accessed the information so as to confirm her address.  The terms "hard pull" and "soft pull" are terms of art in the consumer reporting industry.  *See Thomas v. U.S. Bank, N.A.*, 2007 WL 764312 (D. Or. Mar. 8, 2007).  Defendants' "soft pull" did not adversely effect Plaintiff's credit report.

Minasyan claims that Defendants lacked a permissible purpose for accessing her credit report and therefore it violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.; and defamed her and invaded her privacy.  Minasyan's first amended complaint must be dismissed because it fails to state a claim upon which relief can be granted.

The only new allegations in Minasyan's FAC are that Minasyan was a victim of identity theft and that Defendants did not own her alleged debt  or communicate to Plaintiff that the alleged debt was owed.  These allegations are immaterial and do not support Plaintiff's claim because the FCRA does not require collection agencies to investigate identity theft, nor does it require collection agencies to own or confirm a debt, prior to obtaining a consumer's credit report.  Thus, Minasyan's claims still fail.

Moreover, Minasyan's FAC re-alleges her claims for defamation-libel and invasion of privacy/false light.  Curiously, Minasyan's FAC admits that Defendants did not publicize any information regarding Minasyan.  Publication is an essential element to any claim for defamation-libel or invasion of privacy/false light.  Without publication, Minasyan's claims fail.

Consequently, the FAC should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice and without leave to amend.

## II.     ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Minasyan's FAC re-alleges that in November 2011, she discovered that Defendants had "pulled and reviewed" her credit report in August 2010 and February 2011 without her "knowledge and authorization."  FAC (Doc. No. 61) at ¶ 28.  Notably, Minasyan also re-alleges that Defendants "at some point . . . must have tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, considered purchasing debts

alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on." *Id.* at 29.

Minasyan further re-alleges that after discovering that Defendants had reviewed her credit report, she wrote to the company "requesting" its "permissible purposes" for accessing her credit report; that Defendants "failed to answer back to [her] requests" and "failed to delete the credit inquiries"; that she sent Defendants multiple "follow up letters . . . addressing their failure to respond or take appropriate corrective action with respect to [her] initial letters of dispute"; and that despite her letters, Defendants "continues to maintain records of their unauthorized credit inquiries on [her] credit records." *Id.* at ¶ 34-36; 44.

In addition to the identical allegations in the original complaint, the FAC includes new allegations that Defendants did not "have ownership of debts owed or alleged to be owed by Plaintiff"; Defendants did not confirm the "existence of a debt which they owned"; and Plaintiff "was a victim of identity theft[.]" *Id.* at ¶ 29, 37, 42. Moreover, the FAC includes several unsupported legal conclusions regarding the FCRA and its requirements. *Id.* at 37-39.

By allegedly accessing her credit report without her knowledge or permission – "without having a permissible purpose," *id.* at ¶ 30 – and by failing to confirm ownership of the debt or respond to her correspondence, Minasyan's FAC contends that Defendants violated the FCRA, as well as defamed her and invaded her privacy. *See id.* at 49-64.

## III.  <u>ARGUMENT</u>

### A.  **Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure provide little guidance on what a plaintiff must do to "state a claim" for relief, other than Rule

8, which says that a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") represent a significant shift in the analytical framework that courts must use when evaluating motions to dismiss.  In *Twombly*, the Court expressly rejected the "no set of facts" test that had been articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *See Twombly*, 550 U.S. at 562-63.  The Court clarified that although "detailed factual allegations" are not required at the pleading stage, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  The complaint must contain factual allegations, and they "must be enough to raise a right to relief above the speculative level." *Id.*  There must be sufficient facts pled to state a claim to relief that is "plausible on its face." *Id*. at 570.

The Supreme Court refined its analysis even further in *Iqbal*, reiterating that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Only a complaint that states "a plausible claim for relief" can survive a motion to dismiss. *Id.* at 679.  "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . The plausability standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  A complaint that contains facts which are "merely consistent with" defendant's liability is not sufficient, because it "stops short of the line between possibility and the plausibility of entitlement to relief. *Id*. (citations and quotation marks omitted).

The court should not assume the truth of legal conclusions in the complaint. *Id.*  Thus, the first step when evaluating a motion to dismiss is to

identify the legal conclusions, because they "are not entitled to the assumption of truth. While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id.* at 679. Next, with respect to any "well-pleaded factual allegations" in the complaint "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The determination of whether a plausible claim for relief has been stated is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." *Id.*

Dismissal is therefore proper under Rule 12(b)(6) where a court finds either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008). As the Ninth Circuit has observed: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Minasyan has not pled facts sufficient to support a plausible claim for relief against Defendants under any of the statutory provisions cited in her FAC or for any of her common-law causes of action, consistent with the requirements of Rule 8 and the decisions in *Iqbal* and *Twombly*. The FAC must be dismissed.

### B.   Minasyan Has Failed To Plead The Essential Elements Of An FDCPA Claim

In her first cause of action, Minasyan contends that Defendants violated the FDCPA. *See* FAC (Doc. No. 61) at ¶¶ 46-48. To state a claim under the FDCPA, a plaintiff must not only identify the applicable section of the FDCPA under which relief is sought, but must allege facts showing that the different elements of the cause of action are satisfied. *See, e.g.*, *Dokumaci v. MAF Collection Servs.*,

2010 WL 2560024, *1 (M.D. Fla. June 17, 2010) ("In order to state a claim under the FDCPA, a plaintiff must show: (1) that he has been subject to collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has participated in an act or omission prohibited by the FDCPA.").  Accordingly, "[t]o state a claim for violation of the Fair Debt Collection Practices Act, a plaintiff must allege, *inter alia*, that . . . the defendant collecting the 'debt' is a 'debt collector' . . . ." *Aquino v. Capital One Fin. Corp.*, 2008 WL 1734752, *1 (N.D. Cal. Apr. 14, 2008) (internal quotation marks omitted; ellipses in original); *see Dokumaci*, 2010 WL 2560024 at *1.

Although she asserts that Defendants are "debt collector[s]" within the meaning of the FDCPA,[2] *see* FAC (Doc. No. 61) at ¶ 22, Minasyan has not alleged facts sufficient to support this assertion.  In other words, her unsupported assertion is nothing more than a bald legal conclusion, which is insufficient.  *See Stejic v. Aurora Loan Servs., LLC*, 2009 WL 4730734, *3 (D. Ariz. Dec. 1, 2009) (holding that "Plaintiff's legal conclusion that [defendant] . . . is a debt collector is insufficient to survive dismissal").  Nor has Minasyan alleged that Defendants were attempting to collect a "debt" within the meaning of the FDCPA,[3] which is

---

[2]   The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

[3] For purposes of the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5).  The Rosenthal Act contains a similar definition. *See* Cal. Civ. Code § 1788.2(e, f).

an element of her FDCPA claim.[4]  *See Dokumaci*, 2010 WL 2560024 at *2; *Golden*, 2010 WL 5289682 at *8.  Consequently, Minasyan's FDCPA claim must be dismissed.

## C.   Minasyan Has Failed To Plead Facts Sufficient To State A Claim Under The FDPCA

Even if Minasyan had alleged that Defendants were "debt collectors" and that they were seeking to collect a "debt," the conclusory statements contained in her FAC are insufficient to allege a cognizable claim under the FDCPA. Although Minasyan  has identified various sections of the FDCPA she claims Defendants violated, she has failed to set forth any facts that might satisfy the elements of those claims.

Thus, Minasyan merely alleges that Defendants:

1)   failed to provide her "notice of debts . . . complete with all required disclosures, per 15 U.S.C. § 1692e(11)";

2)   failed to provide her "written notices of [her] right to verification and information about [her] alleged debts, per 15 U.S.C. § 1692g(a)"; and

3)   used "unfair and/or unconscionable means to collect an [sic] alleged debts, in violation of 15 U.S.C. § 1692f."

FAC (Doc. No. 61) at ¶ 47.  These conclusory statements, which simply parrot the language of the FDCPA, are insufficient to allege a cognizable claim under the FDCPA.

Section 1692g(a) of the Act mandates that a debt collector must provide the consumer with a written notice setting forth the consumer's right to dispute the debt "[w]ithin five days after its initial communication with a consumer in connection with the collection of any debt," or "in the initial communication"

---

[4] Minasyan contends that Defendants violated sections 1692e(11), 1692(f) and 1692g(a) of the FDCPA.  *See* FAC (Doc. No. 61) at ¶ 47.  Each of these provisions govern the behavior of debt collectors when attempting to  collect "any debt." *See* 15 U.S.C. §§ 1692e, 1692f & 1692g.

itself.  *See* 15 U.S.C. § 1692g(a).[5]  The plain language of the FDCPA provides that a collector need not send the section 1692g notice until five days <u>after</u> the collector has actually had the first "communication" directly "with a consumer" concerning the debt.  The Act is crystal clear on this point: it does not say the notice must be provided within five days of any "attempted" communication with the consumer, nor does it say the notice must be given within five days of a communication with a third party.  The notice is not required until five days after the collector actually communicates "with a consumer" in connection with an attempt to collect.

Section 1692e(11) of the FDCPA requires a debt collector "to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and . . . to disclose in subsequent communications that the communication is from a debt collector . . . ."  15 U.S.C. § 1692e(11).  Like section 1692g, the notice is only required when the debt collector actually communicates the consumer.

Minasyan's claims under sections 1692g(a) and 1692e(11) fail because she

---

[5]  The notice must convey, *inter alia*, the following:

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(3, 4).

has not alleged that Defendants ever communicated with her.  Given this, the notice requirements of those two provisions were never triggered, and the claims fail as a matter of law.  *See Pretlow v. AFNI, Inc*., 2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008) ("Moreover, the validation provision of § 1692g is triggered only by the consumer's receipt of the formal 'written notice' that the debt collector is required to send under § 1692g(a).  Plaintiffs' have not alleged that they received any communications from Defendant which would form the basis of a debt validation claim.").

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Minasyan has not described any efforts that Defendants allegedly took to try to collect a debt from her, let alone any false, deceptive, unfair, or unconscionable efforts.[6]  This is wholly insufficient.  *See, e.g., Myers v. Stoneleigh Recovery Assocs.*, 2012 WL 1356752, **4-5 (E.D. Cal. Apr. 18, 2012) (granting motion to dismiss claims under §§ 1692d, 1692e(5) and 1692f where plaintiff merely recited elements of statutes and did not allege any facts in support of claims).  Minasyan's FDCPA claim must be dismissed.

### D.   Minasyan Has Again Pled Herself Out Of Her FCRA Claim

In her "Second Claim For Relief," Minasyan asserts that Defendants violated the FCRA by accessing her credit report without a "permissible

---

[6]  The only conduct Minasyan complains of is Defendants' alleged review of her credit report and their alleged failure to respond to her request that they explain why they did so.  As explained below, a debt collector may "pull" a credit report in connection with attempting to collect a debt, which Minasyan alleges Defendants did here.  Nothing in the FDCPA prohibited Defendants from accessing Minasyan's credit report or required them to explain why they did so.  *Cf. Becker v. Genesis Fin. Servs.*, 2007 WL 4190473 (E.D. Wa. Nov. 21, 2007) (accessing credit report does not violate § 1692e(8) of FDCPA, because it does not communicate information about debt to credit reporting agency).

purpose." First Amended Complaint (Doc. No. 61) at ¶ 50. Congress passed the FCRA as part of its efforts to balance the legitimate needs of users of consumer information (like Defendants) with its concern for protecting consumer privacy. *See* 15 U.S.C. §§ 1681(a), (b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009). The FCRA was aimed at curbing the industry's worst abuses – it was not designed to prohibit all access to a consumer's credit file. "The Fair Credit Reporting Act . . . was 'a product of political compromise enacted for the specific purpose of curbing only the *worst abuses* by the credit reporting industry and its clients." *See Riley v. Equifax Credit Info. Servs., Inc.*, 194 F. Supp. 2d 1239, 1244 (S.D. Ala. 2002) (quoted citation omitted and emphasis added).

    To further these competing interests, the FCRA governs how consumer credit information may be gathered, disseminated, and used. A "consumer reporting agency ["CRA"] may furnish a consumer report" if the consumer provides written permission. *See* 15 U.S.C. § 1681b(a)(2). A consumer's consent to the release and use of the information, however, is not required. *See Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658, 663 n.1 (D. Md. 2005).

    Instead, "[t]he FCRA allows a party to obtain a consumer credit report without the consumer's consent or knowledge if that party certifies that the report is being pulled for a permissible purpose." *Stergiopoulos v. First Midwest Bancorp., Inc.*, 2004 WL 5550488, *2 (N.D. Ill. June 23, 2004), *aff'd* 427 F.3d 1043 (7th Cir. 2005); *accord Murray v. Sunrise Chevrolet, Inc.*, 441 F. Supp. 2d 940, 945 (N.D. Ill. 2006) ("Under FCRA, a consumer's credit report may only be obtained with the consumer's written consent **or** for certain permissible purposes." (emphasis added)); *Gamble v. Citifinancial and Landers*, 2002 WL 31643028, *2 (D. Conn. Nov. 19, 2002) ("Under the FCRA, there are circumstances pursuant to which a consumer's credit report may be obtained without the consent or even the knowledge of the complaint."); 16 C.F.R. Pt. 600,

App (2005) ("When permissible purposes exist, parties may obtain, and consumer reporting agencies may furnish, consumer reports without the consumers' permission or over their objection."). Congress set forth six permissible purposes under which a CRA may furnish a consumer report. *See* 15 U.S.C. § 1681b(a)(3)(A-F).

As relevant here, the FCRA provides that a CRA may "furnish a consumer report . . . [t]o a person[7] which it has reason to believe":

> intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection of an account of, the consumer*;

*Id.* § 1681b(a)(3)(A) (italics added). A "person" may "use or obtain a consumer report" if the report "is obtained for a purpose for which a consumer report is authorized to be furnished under this section." *Id.* § 1681b(f)(1).

Taken together then, sections 1681b(a)(3)(A) and 1681b(f)(1) permit "persons who intend to use credit information to collect a debt owed by the consumer" to obtain and use consumer reports from CRAs, even if the consumer has not consented to the release of the report. *See Baker v. Trans Union LLC*, 2010 WL 2104622, *7 (D. Ariz. May 25, 2010); *see also Great Seneca Fin. Corp. v. Fisher*, 2005 WL 1875664, *2 (D. Kan. Aug. 8, 2005) (creditor may obtain consumer report under § 1681b(a)(3)(A) "without the debtor's permission if the creditor 'intends to use the information in connection with . . . review or collection" of consumer's account).[8] "'Whether a permissible purpose existed is

---

[7] A "person" is "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

[8] Even persons who merely desire to determine whether a debt is collectible may obtain and use a consumer report under section 1681b(a)(3)(A). *See Washington v. South Shore Bank*, 2004 WL 2038425, *5 (N.D. Ill. Aug. 27, 2004) (concluding that "obtaining a credit report to determine . . . whether a creditor should even pursue

a question of law.'"  *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977, *3 (D. Minn. Sept. 19, 2011), quoting *Breese v. TRIADvantage Credit Servs., Inc.*, 393 F. Supp. 2d 819, 821 (D. Minn. 2005).

Debt collection and "skip tracing" – which are the only reasons that Defendants would have accessed Minasyan's credit report – are both permissible purposes under section 1681b(a)(3)(A) of the Act. *See Blair v. Bank of Am., N.A.*, 2012 WL 860411, *9 (D. Or. Mar. 13, 2012) (permissible to access credit report in connection with collection of debt); *Rodriguez v. Cavalry Portfolio Servs., LLC*, 2012 WL 726474, *1 (S.D. Cal. Mar. 6, 2012) ("A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."); *Baker*, 2010 WL 2104622 at *7 ("Because skip-tracers are in the business of locating debtors to facilitate the collection of debts by creditors," the court explained, "their practices fall within the scope of permissible purposes under § 1681b(a)(3)(A)."); *McNall v. Credit Bureau of Josephine County*, 689 F. Supp. 2d 1265, 1273 (D. Or. 2010) (rejecting argument that "running a credit report to obtain" consumer's address was not a permissible purpose); *Great Seneca Fin. Corp.*, 2005 WL 1875664 at *2; *Washington*, 2004 WL 2038425 at *5; *Wilson v. Sessoms*, 1998 WL 35305548, *4 (M.D.N.C. Mar. 16, 1998) (recognizing that skip tracing "is generally a permissible purpose under the FCRA").

Minasyan pled herself out of her FCRA claim. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (plaintiff can "plead himself out of a claim by including . . . details contrary to his claim"), *amended by* 275 F.3d 1187 (9th Cir. 2001).  In her FAC, she explicitly alleges that Defendants are " collection agenc[ies] . . . in the business of collecting consumer debts," and that Defendants pulled her credit report in connection with an effort to collect a debt

a delinquent debt" is a permissible purpose).

she owed: "[A]t some point Defendants must have tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on."  FAC (Doc. No. 61) at ¶ 29.  Where a plaintiff alleges that a defendant pulled a credit report without a permissible purpose, but also alleges that the defendant is a debt collector and was attempting to collect a debt, the plaintiff has failed to state a claim.  *See Myers*, 2012 WL 1356752 at **5-6.

Plaintiff's new allegations that she was a victim of identity theft and that Defendants never owned or confirmed the debt are immaterial and do not cure the defects in her original complaint.  Nothing in the FCRA prohibits a user of information, who otherwise has a permissible purpose for doing so, from accessing a consumer's credit report, simply because the consumer is allegedly a victim of mistaken identity or identity theft.  *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977 at *4 (D.Minn. Sept.19, 2011) ("In this circumstance, defendant had reason to believe that pulling the consumer reports in question would aid it in its debt collection efforts ... accordingly, defendant had a permissible purpose.").  Nor does the plain language of the FCRA limit those who may pull a credit report to only those entities that own the account.  *See Hinkle v. CBE Grp.*, 2012 WL 681468 (S.D. Ga. Feb. 3, 2012) (In holding defendant had a permissible purpose for pulling plaintiff's credit report, "it is not necessary for Plaintiff to have had direct dealings with Defendant.").  Minasyan's FCRA claim must be dismissed.

### E.   Minasyan's Common-Law Claims Fail Because She Admits That Defendants Did Not Publish Any Information About Her

Finally, Minasyan asserts claims for "Defamation-Libel" and "Invasion of Privacy/False Light."  FAC (Doc. No. 61) at ¶¶ 53-64.  These claims must be dismissed because, once again, Minasyan has not alleged, nor can she, that

Defendants improperly published information about her to any third parties.  In fact, Minasyan admits that the credit report agencies, not Defendants, are the ones who publicized the information regarding Minasyan.  *Id.* at ¶ 60.

"To prevail on a claim for defamation, plaintiff must show four elements: that defendants published the statements; that the statements were about plaintiff; that they were false; and that defendants failed to use reasonable care to determine the truth or falsity."  *Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App. 450, 470 (2012).[9]  Stated slightly differently, "[d]efamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'"  *Price v. Operating Eng'rs Local Union No. 3*, 195 Cal. App. 4th 962, 970 (2011), quoting 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 529, p. 782.)

Like defamation, a "false light" invasion of privacy claim requires a publication.  "False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed. (Rest.2d Torts, § 652E.)."  *Id.*

Minasyan's common-law claims fail because she has not alleged any facts demonstrating that Defendants published any information about her (let alone any false information).  Although Minasyan maintains that Defendants' "credit reviews resulted in credit inquiries, which are reflecting on [her] credit reports" presently, FAC (Doc. No. 61) at ¶ 31, and that Defendants "still continues to maintain records of their unauthorized credit inquiries on [her] credit records," *id.* at ¶ 44, she does not allege that Defendants actually published her credit reports.

---

[9]  "Libel" is a species of defamation involving a written, as opposed to oral, publication.  *See id.*, citing Cal. Civ. Code § 45.

On the contrary, Minasyan explicitly states that her credit reports were "maintained" by "one or more of the [credit reporting agencies.]"  *Id.* at ¶ 30. Moreover, Minasyan even admits that Defendants did not publish any information about her, "[credit reporting agencies] may be the ones publicizing consumer credit reports . . . ."  *Id.* at ¶ 60.   Minasyan's claims for defamation and invasion of privacy must be dismissed.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court issue an Order dismissing the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice.

DATED: August 20, 2012             SIMMONDS & NARITA LLP
                                   JEFFREY A. TOPOR
                                   CHRISTOPHER SPAIN


                                   By:   s/Christopher Spain
                                         Christopher Spain
                                         Attorneys for defendants
                                         Allen L. Adkins & Associates, P.C.
                                         and Hunt & Henriques

Exhibit A

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4816
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

CHRISTOPHER M. SPAIN
DIRECT DIAL (415) 283-1012
EMAIL cspain@snllp.com

August 13, 2012

**BY U.S MAIL**

Arshak Bartoumian
Omnia Legal Inc.
124 West Stocker Street Suite B
Glendale, CA 91202

Re:   *Minasyan v. Creditors Financial Group, LLC, et al.*

Dear Mr. Bartoumian:

This firm represents Allen L. Adkins & Associates, PC and Hunt & Henriques in connection with your lawsuit that is pending in the United States District Court for the Central District of California, case number 12-cv-01864-ODW-FMOx.

Pursuant to Local Rule 7-3, I am writing to inform you that both Allen L. Adkins & Associates, PC and Hunt & Henriques intend to file a motion to dismiss the first amended complaint filed July 3, 2012 under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that your complaint fails to state a claim upon which relief can be granted.

Please call me if you wish to discuss this further.

Very truly yours,

Christopher M. Spain