**O**
**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HASMIK MINASYAN, | Case No. 2:12-cv-01864-ODW(FMOx) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS [68]AND MOTION FOR RULE 11 SANCTIONS [69]** |
| v. | |
| ALLEN L ADKINS & ASSOCIATES, PC, a Texas Professional Corporation; J.C. CHRISTENSEN & ASSOCIATES, INC., a Minnesota Corporation; and HUNT & HENRIQUES, a California Company, | |
| Defendants. | |

Defendants Hunt and Henriques ("Hunt") and Allen L. Adkins & Associates, P.C. ("Adkins") collectively move (1) to dismiss Hasmik Minsayan's First Amended Complaint, and (2) for Rule 11 sanctions.  (ECF Nos. 68, 69.)  Minasyan has opposed neither, and both are well-taken.  The Court therefore **GRANTS** both motions.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion.  L.R. 7-9.  Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

The hearings on Defendants' motions were both set for September 24, 2012. Minasyan's oppositions would therefore normally have been due by September 3,

2012; however, because September 3 was Labor Day, Federal Rule of Civil Procedure 6(a)(1)(C) and (a)(5) direct that Minasyan's oppositions were due instead on Friday, August 31, 2012.[1]  *See also* FAQs about Judges' Procedures and Schedules ¶ VII(A)(1), *available at* http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/ 2fb080863c88ab47882567c9007fa070/d7596199bbd33e87882579f5006b0828?Open Document ("Opposition or reply papers due on a holiday must be filed the preceding Friday (not the following Tuesday) and must be hand-delivered or faxed to opposing counsel on that Friday.")  As of the date of this Order, Minasyan has filed neither an opposition to either motion, nor any other filing that could be construed as a request for a continuance.  Minasyan's failure to oppose may therefore be deemed consent to the granting of Defendants' motions.

Further, this is not Minasyan's first failure to substantively oppose a motion in this action.  In fact, the Court expounded on the litany of procedural problems plaguing Minasyan and her counsel's prosecution of this case in a June 27, 2012 minute order:

> Finally, the Court notes that Plaintiff has repeatedly disregarded the Federal Rules of Civil Procedure or the Central District of California Local Rules, or both, in this action with respect to nearly every single filing made with this Court.  *See* ECF No. 38 (striking Plaintiff's June 8, 2012 Motion to Strike TMLG's Answer for failure to comply with Local Rule 6-1); ECF No. 43 (noting Plaintiff's failure to timely oppose

---

[1] Rule 6(a)(1)(C) provides that when a period is stated in days, as in Local Rule 7-9, the parties are to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the *next day* that is not a Saturday, Sunday, or legal holiday" (emphasis added).  Rule 6(a)(5) provides that "[t]he 'next day' is determined by continuing to count . . . *backward* when measured before an event" (emphasis added), as the date for filing an opposition is under Local Rule 7-9.

Here, Minasyan's opposition was due 21 days before the September 3, 2012 hearing date. Because the 3rd day fell on Labor Day, a legal holiday per Rule 6(a)(6)(A), Minasyan's opposition was due on Friday, August 31, 2012, as that was the next day counting backwards that was not a Saturday, Sunday, or legal holiday.

Defendant Hunt & Henriques's May 29, 2012 Motion to Dismiss); ECF No. 45 (noting Plaintiff's failure to file a timely opposition to TMLG's June 4, 2012 Motion for Rule 11 Sanctions); ECF No. 46 (noting Plaintiff's failure to file a timely opposition to TMLG's Motion for Summary Judgment); and ECF No. 49 (again noting Plaintiff's failure to file a timely opposition to TMLG's Motion for Summary Judgment and striking Plaintiff's Cross-Motion for Summary Judgment for failure to schedule the hearing more than 28 days in the future).  The Court will not tolerate any further disregard for the rules of this Court.  **Any future violation of the Federal Rules of Civil Procedure, the Central District of California Local Rules, or this Court's standing order will result in sanctions, up to and including dismissal of this action.**  (ECF No. 56, at 3.)

In spite of this admonition, Minasyan has now failed to oppose not one, but two additional motions.  This practice ends here, as the Court will dismiss Minasyan's action for Minasyan's repeated failure to comply with the Federal and Local Rules.

Defendants' Rule 11 motion highlights yet another warning from this Court Minasyan has failed to heed.  In granting Hunt's and Adkins's concurrently filed motions to dismiss Minasyan's original Complaint, the Court was clear that if Minasyan chose to amend, "she must address *all* of those pleading deficiencies identified in Defendants' Motions by pleading—in good faith and in compliance with Federal Rule of Civil Procedure 11—additional *facts* supporting Plaintiff's claims." (ECF No. 44, at 44.)  Yet, Minasyan's First Amended Complaint is little more than a carbon copy of her original Complaint, but pleaded against only Hunt and Adkins and lacking the claims the Court dismissed with prejudice.  Thus, for this reason and for the reasons discussed more thoroughly in Defendants' Rule 11 motion, the Court hereby **GRANTS** that motion.  The Court finds, however, that dismissal of this action

/ / /

with prejudice at this stage of the litigation is more than sufficient to deter Minasyan and her counsel from repetition of their conduct. *See* Fed. R. Civ. P. 11(c)(4).  The Court therefore finds that additional sanctions are unwarranted.

For the reasons addressed above, the Court hereby **GRANTS** both Hunt and Adkins's (1) joint motion to dismiss and (2) joint motion for Rule 11 sanctions.  This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

September 5, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**